**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

THOMAS EARL GREEN                                                                    PLAINTIFF

v.                                            3:12-cv-00223-KGB-JTK

SHENISHA MOBLEY, et al.                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.	Why the record made before the Magistrate Judge is inadequate.

2.	Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

Plaintiff Thomas Green is an inmate confined at the Crittenden County Detention Facility (Jail). He filed this pro se 42 U.S.C. § 1983 action against Defendants, alleging denial of adequate medical care and treatment. By Order dated September 26, 2012 (Doc. No. 3), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit. However, finding Plaintiff's complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court directed Plaintiff to amend his complaint. Plaintiff filed an Amended Complaint (Doc. No. 4).

### II. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted;

or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.     Facts and Analysis**

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Plaintiff fails to allege any actions by Defendant Mobley in his Amended Complaint; therefore, the Court finds she should be dismissed. His claim against Defendant Allen is that he was "accountable" for the officers' actions (Doc. No. 4, p. 5), which appears to be based on Allen's supervisory role over the other Defendants. However, supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation

3

or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). In this case, Plaintiff does not allege any knowledge or personal involvement by Defendant Allen.

Plaintiff also alleges that Defendants Thomas and Beard possessed first-hand knowledge of the injury he suffered in a fight at the Jail (Doc. No. 4, p. 6). However, he does not allege that these Defendants are medical personnel, and therefore responsible for his medical care and treatment.[1] Nor does he allege any personal involvement of these two Defendants in any actions involving the Plaintiff. Therefore, the Court finds that Plaintiff's allegations against Defendants Thomas and Beard should be dismissed, for failure to state a claim upon which relief may be granted.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants Mobley, Allen, Thomas, and Beard be DISMISSED from this action, for failure to state a claim upon which relief may be granted.

IT IS SO RECOMMENDED this 29th day of October, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] Claims of medical indifference should be filed against the individuals directly responsible for the inmate's medical care, and not prison administrators. See Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997).