# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

THOMAS EARL GREEN,                                                                              PLAINTIFF
ADC #101747

v.                                         3:12CV00223-KGB-JTK

SHENISHA MOBLEY, et al.                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    Introduction

This matter is before the Court on the Motion for Summary Judgment filed by Defendants Coleman, Bonner, and Childress (Doc. No. 19).[1] Plaintiff filed a Response in opposition to the Motion (Doc. No. 24), and Defendants filed a Reply (Doc. No. 26).

Plaintiff Thomas Green is a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs by Defendants while he was incarcerated at the Crittenden County Detention Facility (Jail). Specifically, Plaintiff alleges he was involved in a fight with another inmate, who struck him in the jaw (Doc. No. 4, p. 6).[2] He alleges that Defendants Coleman and Bonner ignored his requests to see the doctor/dentist for a jaw

---

[1] Defendants Mobley, Allen, Thomas, and Beard were dismissed from this action on November 19, 2012, for failure to state a claim upon which relief may be granted (Doc. No. 12).

[2] Plaintiff does not include dates in his Complaint or Amended Complaint, but filed this action on September 21, 2012, after the incidents at issue occurred (Doc. Nos. 2, 4).

injury, and Defendant Childress denied him dental treatment for two weeks. (Id., pp. 5-6.) He asks for damages for medical bills.

## II. Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A. Defendants' Motion

Defendants ask the Court to dismiss Plaintiff's allegations against them in their official capacities, due to his failure to allege that their actions were caused by an unconstitutional county policy or practice. See Kentucky v. Graham, 473 U.S. 159, 165 (1985); Jane Doe A v. Special School Dist., 901 F.2d 642, 646 (8th Cir. 1990).

Next, Defendants rely on statements Plaintiff made in his deposition in support of their

argument that Plaintiff cannot prove they acted with deliberate indifference, or that any delay in his medical treatment caused a detrimental effect to his condition.  Specifically, Plaintiff stated in his deposition that when he approached Coleman in the hallway of the Jail after the incident and asked to see a doctor, Coleman told him to place his request in writing.  (Doc. No. 21-1, p.5.)  Plaintiff admitted that he had no other interaction with Coleman about this issue.  (Id.)  With respect to Defendant Bonner, Plaintiff stated that he spoke with her, but does not remember the date, does not remember the conversation ("I think I was asking for medical treatment"), and does not recall what she told him in response.  (Id., p. 6.)  Finally, he stated he did not know if any of his verbal requests for treatment reached Defendant Childress, but he sued her based on the two-week delay in receiving dental treatment.  (Id., p. 7.)  He stated that after the dentist adjusted his teeth by filing them, he did not suffer any more jaw pain, but continues to occasionally suffer from headaches.  (Id., p. 5.)  He also stated he suffered from headaches before the incident, and does not claim that Defendant Childress intentionally kept him from seeing a dentist.  (Id., p. 9.)

 Defendants also state they are entitled to qualified immunity from liability because Plaintiff fails to provide proof that they violated his constitutional rights, or that they had knowledge from which they could draw an inference of a serious risk of harm to the Plaintiff.

### B.     Plaintiff's Response

In Response, Plaintiff states that he requested treatment from Childress immediately following the incident, "to no avail," and spoke with Defendants Coleman and Bonner and "nothing was done." (Doc. No. 24, p. 1.)  He states the injury he suffered was serious, caused him extreme jaw pain, and that he should have received immediate treatment due to the "possability (sic) that the Plaintiffs jaw may be been fractured or broken or dislocated." (Id., p. 2.)  Finally, Plaintiff cites to

McAlphin v. Toney, for the proposition that an inmate with dental problems was considered to be in imminent danger of serious physical harm.  281 F.3d 709 (8th Cir. 2002).

**C.     Reply**

In Reply, Defendants distinguish the McAlphin case, noting that the plaintiff was considered to have successfully **pled** that he was in imminent danger of harm for purposes of obtaining in forma pauperis status, in light of the fact that the he was a three-striker within the meaning of 28 U.S.C. § 1915(g).  Defendants also state Plaintiff cannot provide any proof at the summary judgment stage that they acted with deliberate indifference, or that any delay in treatment caused a detriment to his health.  Finally, they note that Plaintiff was not diagnosed with a broken or dislocated jaw, despite his speculation that such may have been the case.

**D.     Analysis**

The Court initially agrees with Defendants that Plaintiff's monetary claims against them in their official capacities should be dismissed.  A suit against a county official in his official capacity is the equivalent of a suit against the county itself.  Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998).  In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions.  Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990).  In this case, Plaintiff does not allege an unconstitutional policy caused the Defendants' actions.

Next, it is not clear to the Court whether Plaintiff was incarcerated as a pretrial detainee or had already been convicted of a crime at the time of the incident at issue.  If he was a pretrial detainee at the time of his incarceration, the due process standard of the Fourteenth Amendment

5

applies to determine the constitutionality of his conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1979). In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). Therefore, in order to support an Eighth Amendment claim for relief, Plaintiff must prove that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).

Furthermore, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). A prison official who is "not involved in treatment decisions made by the medical unit's staff and 'lacked medical expertise,...cannot be liable for the medical staff's diagnostic decision[s].'" Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997), quoting Camberos, 73 F.3d at 176. Finally, "if any claim of medical indifference ... is to succeed, it must be brought against the individual directly responsible for [plaintiff's] medical care." Kulow v. Nix, 28 F.3d 855, 859 (8th Cir. 1994), quoting Brown, 957 F.2d at 566.

The Court finds as a matter of law that Plaintiff's allegations against Defendants Coleman and Bonner do not support a finding of deliberate indifference. Although he states he spoke with

them both, he admits Coleman told him to place his request in writing, and he does not remember Bonner's response. He sets forth no other allegations of requests to them or denial of medical care and treatment by them in support of his claims. Finally, these two Defendants are identified as jail administrators, and Plaintiff does not allege that they were involved in treatment decisions or possessed medical expertise, as set forth in Keeper, 130 F.3d at 1314.

In addition, his allegations against Defendant Childress fail to support a deliberate indifference claim. He admitted in his deposition that he sued Defendants based on the delay in treatment (Doc. No. 21-1, p. 7), but provides no evidence to support that a delay caused a detrimental effect to his condition. He also provides no specific allegations or facts to prove that he requested medical treatment from Defendant Childress and she denied such with deliberate indifference. An inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds), quoting Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994). Plaintiff provides no such evidence; rather, he admits that when he did receive treatment his jaw pain disappeared, and that although he still occasionally suffers from headaches, he suffered from such prior to the incident. (Doc. No. 21-1, pp. 5, 9.) The Court also notes that in his deposition testimony, Plaintiff stated that he has no medical bills as a result of the incident, even though he sued Defendants for "medical treatment to be able to pay bills for medical..." (Id., p. 5; Doc. No. 4, p. 7.) Therefore, in light of an absence of evidence or allegations to support a claim for deliberate indifference, the Court finds that Defendants' Motion should be granted.

Defendants also state they are entitled to qualified immunity from liability. Qualified immunity protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009); see also Saucier v. Katz, 533 U.S. 194, 201 (2001).[3] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Based on the Defendants' filings and Plaintiff's Response, the Court finds that Defendants

---

[3]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009) (quoting Pearson v. Callahan, 555 U.S. at 236).

acted reasonably under the circumstances. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right by Defendants.

### III. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 19) be GRANTED, and that Plaintiff's claims against them be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 13th day of August, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE